UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>BECKY JO WEDELL,<br><br>Debtor.<br>_____<br><br>BECKY JO WEDELL,<br><br>Plaintiff/Appellee,<br><br>v.<br><br>SALLIE MAE, INC., *et al.*,<br><br>Defendant,<br><br>and<br><br>EDUCATIONAL CREDIT<br>MANAGEMENT CORPORATION,<br><br>Appellant. | Case No. C04-2543L<br><br>ORDER REGARDING<br>BANKRUPTCY APPEAL<br><br>Bankruptcy Case No. 04-16300<br>Bankruptcy Appeal No. 04-050<br>Adversary No. 04-01309 |

This matter comes before the Court on the appeal by Educational Credit Management Corporation ("ECMC") of the Bankruptcy Court's December 17, 2004 order denying ECMC's "Motion to Amend Order Discharging Student Loan" (the

ORDER REGARDING BANKRUPTCY APPEAL - 1

"Order"). For the reasons set forth below, the Order is affirmed in part and vacated in part.[1]

## I.  BACKGROUND

On May 7, 2004, Debtor Becky Wedell filed for Chapter 7 bankruptcy. The only debt Ms. Wedell sought to discharge was a student loan held by Sallie Mae. The student loan is a Federal Family Education Loan Program ("FFELP") consolidated loan that, as of November 2004, had a principal balance of $81,746.08. Northwest Educational Loan Association ("NELA") guaranteed the student loan. In her bankruptcy schedules, Ms. Wedell listed Sallie Mae as a creditor, but did not list NELA.

On June 22, 2004, Ms. Wedell filed an adversary proceeding against Sallie Mae, alleging that her student loan should be discharged under the undue hardship provision set forth at 11 U.S.C. § 523(a)(8). On July 14, 2004, upon receiving a notice of the adversary proceeding, Sallie Mae filed a claim with NELA and assigned to NELA its rights under the student loan in exchange for full payment of the outstanding balance on the student loan.

On July 15, 2004, Sallie Mae filed a proof of claim with the court in the adversary proceeding in the amount of $80,750.98. A copy of an assignment from Sallie Mae to NELA was also submitted to the bankruptcy court. The assignment stated that Sallie Mae "does hereby assign, transfer, and set over to Northwest Education Loan Association its claim of $ 80[,]750.98 as filed herein against the above named debtor." Dkt. # 7, Evidentiary Record ("ER"), p. 18.

Sallie Mae never filed an answer in the adversary proceeding, and on August 5,

---

[1] ECMC requested oral argument. Because the matters relating to the appeal can be decided on the appeal briefs and evidentiary record submitted by the parties, the request for oral argument is DENIED.

ORDER REGARDING BANKRUPTCY APPEAL - 2

2004, Ms. Wedell filed an *ex parte* motion requesting an order of default against Sallie Mae and an order discharging the student loan. The Bankruptcy Court granted the motion, entering an order of default against Sallie Mae and discharging the student loan as undue hardship. The default order states in relevant part:

> 1. Sallie Mae, Inc. is declared to be in Default and an Order of Default is hereby entered against Defendant, Sallie Mae.
>
> 2. Based upon the Order of Default entered herein, it is further ordered and adjudged that the student loan debts owed by Plaintiff, Becky Jo Wedell to Sallie Mae, Inc., be and the same are hereby discharged as undue hardship.

ER, p. 14. Ms. Wedell received her general discharge on August 18, 2004 and her bankruptcy case was closed on August 31, 2004.

Meanwhile, on August 13, 2004, NELA assigned all its rights, title and interests in the student loan to ECMC. On November 29, 2004, ECMC filed a motion in which it argued that Ms. Wedell's student loan obligation to ECMC should not have been discharged and asked that the Order of Default be vacated or amended. At the hearing on the motion, the Bankruptcy Court stated, "With regard to this matter, it seems to me I should deny the motion to amend the order discharging the debtor; and the reason is very, very simple. NELA does not have different rights, vis-a-vis this debtor, from Sallie Mae because NELA's rights are, under the law of suretyship, those rights that Sallie Mae would have had." ER, p. 44.

**II. DISCUSSION**

**A.   Standard of Review.**

A Bankruptcy Court's legal determinations are subject to *de novo* review. See In re Anastas, 94 F.3d 1280, 1283 (9th Cir. 1996). Findings of fact, however, are reviewed under the clear error standard. See id.

ORDER REGARDING BANKRUPTCY APPEAL - 3

**B.    Analysis.**

ECMC argues that it was improper for the bankruptcy court to enter default judgment against NELA in its capacity as guarantor of the student loan. As both an assignee of Sallie Mae's claim and as guarantor of the Student Loan, ECMC argues that NELA held two distinct claims: (1) it owned Sallie Mae's claim, as lender, which it received through assignment from Sallie Mae; and (2) it had a contingent claim[2] for reimbursement against Ms. Wedell, as obligee of the student loan. There is no question that NELA's rights under the first claim were discharged by the order of default. ECMC argues, however, that NELA's rights under the second claim are distinct from those of the first and are not automatically discharged simply because NELA, as guarantor, also stood in the shoes of the defaulted lender.

ECMC is correct that "a maker's obligation to the noteholder and the obligation that may arise to a guarantor upon payment of the guarantee are two separate and distinct obligations." In re Austin, 294 B.R. 258, 260 (E.D. Va. 2003). The fact that a guarantor ends up holding both the primary obligation and the contingent obligation "does not transform them into one." In re Garmhausen, 262 B.R. 217, 222-23 (Bankr. E.D.N.Y. 2001). Ms. Wedell did not name NELA, as guarantor, in her adversary proceedings. This fact may not be overlooked because NELA subsequently acquired Sallie Mae's rights as lender.

Even though NELA may have been aware of the adversary proceeding, the record indicates that NELA was never served with the complaint or otherwise formally notified

---

[2] The claim was contingent on Sallie Mae enforcing its rights against NELA, the guarantor of the student loan. That contingency occurred on July 14, 2004 when Sallie Mae filed a claim with NELA and assigned to NELA its rights under the student loan in exchange for payment of the outstanding balance on the loan.

ORDER REGARDING BANKRUPTCY APPEAL - 4

of the adversary proceeding. Rule 7004 of the Federal Rules of Bankruptcy governs the service of process and complaints in adversary proceedings. See Bankr. P. 7001, 9014. The fact that NELA may have been aware of the adversary proceedings does not satisfy Rule 7004's service requirements. To the contrary, "actual knowledge of a suit is not a substitute for proper service of process and does not cure a technically defective service of process." In re Couts, 188 B.R. 949, 953 (Bankr. E.D. Mich. 1995). Because Ms. Wedell never named NELA in the adversary proceeding and never effectuated proper service of process on NELA as guarantor of the loan, any default against NELA (and, by extension, ECMC as successor in interest) with respect to its rights as guarantor must be vacated.[3]

---

[3]Ms. Wedell argues that In re Bernal, 207 F.3d 595 (9th Cir. 2000) requires this Court to affirm the bankruptcy court's ruling. In re Bernal, however, is inapposite. Unlike in this case, the debtor in In re Bernal named the guarantor, CSAC, in the adversary action. The guarantor defaulted and then sold its rights under the guarantee to ECMC. The Ninth Circuit held that ECMC stood in the same shoes as the defaulted guarantor. Although the In re Bernal holding applies to Sallie Mae's lender rights, it does not apply to NELA's guarantor rights. Since NELA was never named in the adversary action, it was not in a position to default on its rights as guarantor.

ORDER REGARDING BANKRUPTCY APPEAL - 5

### III. CONCLUSION

With respect to ECMC and NELA's rights as assignees of Sallie Mae's interest in the student loan, the Order of Default is AFFIRMED. With respect to NELA's rights as guarantor of the student loan and ECMC's rights as successor in interest to NELA's guarantor rights, the Order of Default is VACATED. If Ms. Wedell wishes to discharge her obligations to ECMC as successor in interest to the guaranty, she must seek determination of dischargeability under the undue hardship standard set forth in 11 U.S.C. § 523(a)(8) by commencing an adversary proceeding against ECMC.

DATED this 22nd day of August, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING BANKRUPTCY APPEAL - 6